UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRETT MORRISON,  CASE NO. 17-CV-0501-PP
          Plaintiff,

    v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

---

On April 6, 2017, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying his claim for supplemental security income and disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

Based on the facts presented in the affidavit, the court concludes that the plaintiff does not have the ability to pay the filing fee. The affidavit indicates that the plaintiff is not married, nor does he provide financial support for anyone. Dkt. No. 2 at 2. He receives $194 in food stamps, and earns $400 from

1

his job on a monthly basis. Id. The plaintiff has a 401(k) account with a balance of $881, and he has no other source of income or assets. Id. at 3. The plaintiff's expenses are $700 for rent and $20 for personal items, totaling $720 each month. Id. at 4-5. The court concludes from that information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

In his complaint, the plaintiff asserts the ALJ erred when he failed to respond to post-hearing objections to certain aspects of the vocational testimony, as required by unambiguous agency policy. Dkt. No. 1 at 2. The plaintiff also contends that the denial of his disability claim is not supported by substantial evidence under the standards in 42 U.S.C. §405(g), all other applicable laws and regulations, the weight of the evidence, his credibility, the medical opinions of his doctors, and any and all other applicable evidentiary issues, both in law and in fact. Id. At this early stage in the case, the court

2

concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to appeal *in forma pauperis.* Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 8th day of May, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge